**Arthur Everett SMALL, Jr., Petitioner-Appellant,**

v.

**Samuel J. BRITTON, Warden U. S. Penitentiary, Leavenworth, Kansas, Respondent-Appellee.**

**No. 73–1482.**

United States Court of Appeals, Tenth Circuit.

July 30, 1974.

Rehearing Denied Sept. 12, 1974.

**300**

Thomas R. Moeller, Denver, Colo., for appellant.

Monti Belot, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty. and Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, *Circuit Judge.*

The appellant, under a federal sentence, appeals from an order of the United States District Court for the District of Kansas, dismissing his application for writ of habeas corpus.

In 1967 appellant was sentenced to five years imprisonment by the United States District Court for the District of Colorado following his conviction for violation of 26 U.S.C. § 4742(a). In September of 1968 he was paroled to the custody of the State of Colorado on a detainer for service of a state sentence. Appellant was free on bond pending appeal of this state conviction until April of 1969. On April 8, 1969 Small was arrested on a new state criminal charge. The U. S. Parole Board thereupon promptly issued a federal warrant charging him with violation of his parole conditions. Following Small's conviction and sentencing on the state charge in May of 1970 the U. S. Board of Parole, on October 14, 1970, lodged a revocation warrant as a detainer against him with the Colorado State Penitentiary authorities.

On January 23, 1973, Small was paroled by the Colorado authorities to the federal detainer. On March 19, 1973, a parole revocation hearing was conducted at the United States Penitentiary and on March 28, 1973, the Board of Parole revoked Small's parole and continued the matter to expiration. The reason stated for the revocation was the intervening state conviction.

On this appeal, appellant's sole contention is that the Board's delay in affording him a revocation hearing until after completion of his service of an intervening state sentence constituted a violation of his right to due process under the

Fifth Amendment requiring cancellation of the parole revocation warrant and thus entitling him to a complete discharge. We disagree.

Preliminarily, we note our rule that while a revocation warrant must be executed within a reasonable time, Simon v. Moseley, 452 F.2d 306 (10th Cir. 1971), incarceration in a state institution has been held to be a good reason for delay in execution of the warrant. *See* Simon v. Moseley, *supra*; Small v. United States Board of Parole, 421 F.2d 1388 (10th Cir. 1970), cert. denied 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970); Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966); Taylor v. United States Marshal for Eastern District of Oklahoma, 352 F.2d 232 (10th Cir. 1965). No challenge is made here relating to the validity of the issuance or execution of the parole revocation warrant.

The critical issue, then, is whether the mandates set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), required the Board of Parole to provide Small a "prompt" revocation hearing following his parole violation even though Small had already been afforded a full trial in state court determinative of his commission of the crime which formed the basis of the parole violation, and even though the revocation warrant had not been executed. To the same extent we must determine whether the delay in its execution was validly excused by reason of Small's incarceration in the state penitentiary.

In *Morrissey* the Supreme Court held that due process requires a preliminary probable cause hearing and a comprehensive revocation hearing on the issue of whether there has been a parole violation.[1] In addition, at this latter hearing the parolee may also present circumstances "in mitigation"

which tend to show that the violation, even if proven, does not warrant revocation. Small does not contend that he was not given such a hearing nor that it was unfair. Rather, he contends it is fatally defective due to its delayed timing.

As to the timing of the preliminary hearing the Court in *Morrissey* stated:

. . . due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.

408 U.S. at 485, 92 S.Ct. at 2602.

The Court recognized, however, that there is typically a substantial time lag between the arrest and the eventual determination by the Parole Board as to whether parole should be revoked. As to this latter hearing the Court merely stated that it be afforded "within a reasonable time after the parolee is *taken into custody*." (Emphasis added). *Morrissey, supra,* at 488, 92 S.Ct. at 2604.

A federal parolee is not taken into custody until after the parole revocation warrant has been *executed*. Accord, Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974). 18 U.S.C.A. § 4207 provides that a parolee is entitled to a hearing only after he is *"retaken* upon a warrant." (Emphasis added). If the wording of a provision of a statute is plain, clear and unambiguous, its evident meaning must be accepted. 2A Sutherland, Statutory Construction § 45.02 (4th ed. 1973).

We recognize that there are decisions from other federal courts which support Small's contention that a parolee is entitled to a revocation hearing (and the attendant opportunity to present "mitigating" circumstances), within a reasonable

---

1. The parole revocation hearing must be held before a neutral party (such as the Parole Board) and must allow the parolee to testify, to present witnesses and documentary evidence, and to confront and cross-examine adverse witnesses. The Parole Board must make a written statement detailing evidence to support its determination and explaining the reasons for its decision.

time after an alleged parole violation even where the parole revocation warrant is based upon the commission of a crime for which the parolee has been convicted. Fitzgerald v. Sigler, 372 F. Supp. 889 (D.D.C.1974); Jones v. Johnston, 368 F.Supp. 571 (D.D.C.1974); Sutherland v. District of Columbia Board of Parole, 366 F.Supp. 270 (D.D.C.1973); *Cf.*, Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973). Contrary to our interpretation and holding, these decisions stand for the proposition that it is the "issuance" rather than the "execution" of the revocation warrant which triggers the due process time limits for the revocation hearing set forth in *Morrissey*. We disagree. We find no such mandate in the Supreme Court's decision.

■ In summary, we conclude: (1) the *Morrissey* decision requires that a revocation hearing be held within a reasonable time after the parolee is taken into custody; (2) a parolee is not "taken into custody" until the revocation warrant has been executed; (3) *Morrissey* does not require that a revocation warrant be executed immediately after it has been issued; and (4) incarceration in a state institution is a good reason for delay in the execution of a warrant. These principles are in accord with those set forth in our unpublished opinion in Thomas v. United States Board of Parole, No. 73–1434 (10th Cir. June 13, 1974), authored by Judge Doyle.

We consider it quite material to note that Small has not alleged that the period between the time he was taken into custody following execution of the parole revocation warrant and the time of the revocation hearing (a period of less than two months) constituted an unreasonable delay. The Court, in *Morrissey*, clearly indicated that such a delay is not unreasonable.

Finally, Small has offered nothing which would aid us in determining that an earlier execution of the warrant and an earlier revocation hearing would have been advantageous to him. While Small argues that he was not given a timely opportunity to present "mitigating" circumstances, he has failed both in his brief and during direct inquiry at oral argument to enlighten the Court as to what facts and/or circumstances he would have presented in "mitigation" had he been given the earlier opportunity to do so. Further, he has failed to display how the challenged delay prejudiced his ability to present the unexplained "mitigating" evidence or denied him due process.

We affirm.