Don Victor HARBOLT and James Dean Teeters, Appellants,

v.

Lawrence CARPENTER, Individually and in his capacity as Regional Chairman, et al., Appellees.

No. 75–1937.

United States Court of Appeals, Eighth Circuit.

Submitted June 2, 1976.

Decided June 14, 1976.

Don Victor Harbolt pro se.

James Dean Teeters pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellees.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

■ Appellants Don Harbolt and James Teeters are inmates at the federal penitentiary at Leavenworth, Kansas. Each seeks, upon a variety of jurisdictional grounds,[1] to obtain an early determination

1. Harbolt and Teeters styled their action as a "Complaint for Declaratory Judgment, Injunctive Relief and Class Action", asserting jurisdiction under 28 U.S.C. §§ 1343 and 1346. The District Court held that jurisdiction did not exist under 28 U.S.C. § 1343 because the de-

of the parole violation warrant presently issued but unexecuted against them. Suit was filed against the United States Board Parole and jurisdiction in the Western District of Missouri was asserted by service upon the Board's Regional Director at Kansas City, Missouri.

No doubt the choice of forum was influenced by this Court's opinion in *Cleveland v. Ciccone,* 517 F.2d 1082 (8th Cir. 1975), holding that a federal prisoner has a constitutional right to an early hearing on an outstanding parole violation warrant, which, although unexecuted, is affecting the conditions of his confinement. The Tenth Circuit, in which appellants' place of confinement is located, has taken a contrary view. *See Small v. Britton,* 500 F.2d 299 (10th Cir. 1974).[2]

The District Court construed the complaint liberally to state a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging conditions of confinement. Without conclusively determining the sufficiency of jurisdiction, the District Court dismissed the petition for improper venue since the prisoners were not confined within the Western District of Missouri. We reverse.

In a separate opinion filed today, we hold that service upon a Regional Director of the Board of Parole supplies habeas corpus jurisdiction over the Board of Parole as custodian to challenge the due process of its parole revocation procedures. *McCoy v. United States Board of Parole,* 537 F.2d 962, No. 75–1804 (8th Cir. 1976). We there recognized that the District Court for the Western District of Missouri, the district in which the Regional Director was found, could appropriately transfer the case to any other district where the action could originally have been instituted.

The District Court below apparently assumed that venue must be located in the place where the prisoner is physically confined. We do not think that *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), mandates this conclusion. *Braden* was concerned with the location of the *custodian,* not the prisoner. Since venue in the Western District of Missouri was not improper, the petition could not properly be dismissed on mere grounds of balance of convenience. If the court felt that the balance of convenience dictated that the District of Kansas was the most appropriate forum, its authority was limited to transferring the action to that district. *See* 28 U.S.C. § 1404(a); *Norwood v. Kirkpatrick,* 349 U.S. 29, 30–32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

We therefore vacate the judgment of dismissal and remand to the District Court for further proceedings not inconsistent with this opinion. On remand, the District Court may, of course, consider transferring the case to any more appropriate district where this action could have been brought in the first instance. *See* 28 U.S.C. § 1404(a).

---

fendants were federal officials and agencies and thus not within 42 U.S.C. § 1983, which is applicable only to persons acting under color of state law. *See McNally v. Pulitzer Publishing Co.,* 532 F.2d 69, 75 n. 7 (8th Cir. 1976). Jurisdiction under 28 U.S.C. § 1346 was similarly rejected for failure of the plaintiffs to join the United States as a party. We affirm the District Court's resolution of these jurisdictional claims on the basis of its unpublished opinion.

2. The conflict between the Circuits seems to call for resolution by the Supreme Court. The Eighth Circuit's position finds support in *Jones v. Johnston,* 534 F.2d 353, No. 74–1424 (D.C. Cir. 1976); *United States ex rel. Hahn v. Revis,* 520 F.2d 632 (7th Cir. 1975); *Reese v. United States Board of Parole,* 530 F.2d 231, 237–38 (9th Cir. 1976) (Duniway, J., concurring and dissenting). The opposing view is represented by *Gaddy v. Michael,* 519 F.2d 669 (4th Cir. 1975), *petition for cert. filed,* (Aug. 5, 1975) (No. 75–5215); *Small v. Britton,* 500 F.2d 299 (10th Cir. 1974); *Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974); *Reese v. United States Board of Parole, supra. See generally,* Comment, Due Process and Parole Revocation: Prompt Hearings for Incarcerated Parolees, 1975 Wash.U.L.Q. 800 (1976).