**James GUILFORD, Relator,**

v.

**UNITED STATES BOARD OF PAROLE,
Superintendent, Erie County Holding
Center, Respondents.**

No. Civ–76–200.

United States District Court,
W. D. New York.

June 21, 1976.

Legal Aid Bureau of Buffalo, Inc., Prisoners' Legal Assistance Project (William F. Mastroleo, Buffalo, N. Y., of counsel), for relator.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (James A. Fronk, Buffalo, N. Y., of counsel), for respondent U. S. Bd. of Parole.

CURTIN, Chief Judge.

Petitioner, a federal parolee, challenges by writ of habeas corpus the failure of the Parole Board to hold a prompt revocation hearing after the issuance of a parole violator's warrant filed as a detainer. Petitioner was sentenced to a term of five years on June 23, 1969 for uttering counterfeit money by the Federal District Court for the District of Maryland. On May 1, 1972, petitioner was released from federal prison on parole. On June 12, 1972, the petitioner was arrested in Syracuse, New York on state charges. Shortly thereafter, a warrant was issued by the United States Board of Parole against the petitioner for violation of parole. On March 7, 1973, the petitioner was sentenced to an indeterminate term of seven years in state prison as a result of his conviction on state charges. The federal warrant was lodged as a detainer against him while he was in state prison. On March 10, 1976, petitioner was

paroled on his state sentence and came into the custody of federal authorities as a result of the federal detainer placed upon him by the Parole Board. On March 26, 1976, a preliminary parole revocation hearing was held in Buffalo, New York, at which a determination was made that there was probable cause to revoke petitioner's parole. On April 30, 1976, this petition was filed alleging that the unreasonable delay in holding a parole revocation hearing was a violation of petitioner's rights and that because of that violation he was entitled to have the warrant quashed and be released. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

 There is disagreement among the circuit courts as to whether a delayed hearing by the Board of Parole in such situations is a violation of a parolee's rights. *See Orr v. Saxbe,* 517 F.2d 1399 (3d Cir. 1975); *Gaddy v. Michael,* 519 F.2d 669 (4th Cir. 1975); *Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir. 1974), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974); *Colangelo v. United States Board of Parole,* 517 F.2d 1404 (6th Cir. 1975); *United States ex rel. Hahn v. Revis,* 520 F.2d 632 (7th Cir. 1975); *Cleveland v. Ciccone,* 517 F.2d 1082 (8th Cir. 1975); *Reese v. United States Board of Parole,* 530 F.2d 231 (9th Cir. 1976); *Small v. Brittan,* 500 F.2d 299 (10th Cir. 1974); *Jones v. Johnston,* 534 F.2d 353 (D.C. Cir. 1976). The decision in the Seventh, Eighth and District of Columbia Circuits held that a prompt hearing was required; the Third, Fourth, Fifth, Sixth, Ninth and Tenth Circuits held that it could be deferred until the parolee was retaken for service of the violator term. The Court of Appeals for the Second Circuit has not yet decided the issue, and the matter seems likely for Supreme Court review. There is no law in this circuit which would support the petitioner's argument. Even if this court were to rule that there is a due process right to a prompt hearing, it would not hold that such a new rule should be given retroactive effect and result in petitioner's release. *Cleveland v. Ciccone, supra* at 1089 (holding a due process right to prompt hearing existed but would not be applied retro-

actively to quash warrants or afford release); *but see United States ex rel. Hahn v. Revis, supra.* In the *Hahn* case, the facts are distinguishable because the

> Parole Board was holding open [by its delayed hearing] the possibility that he [the parolee] might be compelled to serve the full 557 day balance of his federal term consecutively to the 1968 Illinois sentence even though both federal and state sentencing judges had found that concurrent service would be appropriate. *Id.* at 635.

 In addition, the law in this circuit is that a fair parole revocation hearing will render a parolee's custody lawful. *United States ex rel. Blassingame v. Gengler,* 502 F.2d 1388 (2d Cir. 1974) (per curiam). The petitioner has already had his preliminary hearing and will receive his final hearing as soon as he is returned to a federal institution. The petitioner has asserted no specific bases for his general claim of prejudice from the delayed hearing.

Under these circumstances, the writ of habeas corpus and the relief requested are denied in all respects. The petitioner may be removed from the jurisdiction of the court by the United States Marshal.

Certificate of probable cause is denied.

Permission to appeal in forma pauperis is also denied, with the qualification that the petitioner may file with the Clerk of the United States District Court, United States Court House, Buffalo, New York, a notice of appeal, without the payment of filing fees.

This denial does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit, United States Court House, Foley Square, New York City, for a certificate of probable cause and for permission to prosecute an appeal in forma pauperis.

So ordered.