**George Joseph THOMAS, Jr.,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 76–2526**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1976.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

In his habeas petition [1] and briefs in this court appellant contends that (1) after the issuance of a parole violator's warrant, he was denied a prompt revocation hearing as required by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1974), and (2) the failure promptly to dispose of the parole violator's charge requires that the federal detainer be lifted. Appellant was in custody on state charges at the time of issuance of the federal warrant and detainer. Hence, this case is controlled by *Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir.), *cert. denied,* 419 U.S. 846, 95 S.Ct. 8, 42 L.Ed.2d 75 (1974), in which we held that a revocation hearing

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Jurisdiction in the district court was based on 28 U.S.C. § 2241.

was not required, at the commencement of the state imprisonment, on an issued but unexecuted parole violator's warrant.[2] Accordingly, appellant's contentions are without merit. The district court's judgment denying the petition is AFFIRMED.

2. As appellant notes, some circuits have not followed our position. *See United States ex rel. Hahn v. Revis,* 520 F.2d 632 (7th Cir. 1975); *Cooper v. Lockhart,* 489 F.2d 308 (8th Cir. 1973). Other circuits have adopted our rule. *See Gaddy v. Michael,* 519 F.2d 669 (4th Cir. 1975); *Small v. Britton,* 500 F.2d 299 (10th Cir. 1974). We are, of course, bound by *Cook* unless it is overturned by Supreme Court or *en banc* action.