The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Roger G. HOLLIS, Defendant-Appellant.

No. 82CA0973.

Colorado Court of Appeals,
Div. III.

May 16, 1985.

Rehearing Denied June 27, 1985.

Certiorari Denied Nov. 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Roger G. Hollis, appeals the trial court's refusal to overturn the Colorado State Parole Board's decision to revoke his parole. We affirm.

Defendant was paroled from the Colorado State Penitentiary in April 1979. On October 23, 1979, he was arrested on a robbery charge in Ohio with Angelo Gordon, an absconder from the Office of Adult Parole for Colorado. A parole revocation complaint was filed in Colorado on October 30, 1979, alleging that defendant had violated the terms and conditions of his parole pertaining to residence, reporting, and association with known criminals. A warrant issued November 8, 1979, but was not served on defendant until after the following events.

Defendant was paroled from his Ohio robbery conviction in August 1981, and placed under the supervision of the Colorado Parole Board. Soon thereafter, defendant was convicted of a misdemeanor in Colorado, and on October 8, 1981, he was arrested pursuant to the 1979 warrant.

On November 12, 1981, at an evidentiary hearing conducted by a member of the Parole Board, the defendant examined the complaint, and admitted both the allegations of the complaint and the Ohio robbery and Colorado misdemeanor convictions. Defendant's parole was then revoked.

Defendant appealed to the Appellate Board of the Parole Board which specifically found that:

"The Board should not have accepted the original complaint filed in 1979 as either timely or proper under the above circumstances. The Parole Agent should have filed a new complaint showing the conviction and sentence for a misdemeanor after he had been apparently reinstated to parole supervision and not have relied on the 1979 complaint. The Board is of the opinion that it is axiomatic in parole supervision that the parolee be not only legally but fairly treated and even though the commission of a new felony, absconding, and the subsequent conviction of a new misdemeanor offense are all proper grounds for revocation of appellant's parole, the procedure gave the appearance of and were perceived by the inmate as unjust and unfair, and we agree. The parole revocation previously entered is hereby confirmed but a review of his parole eligibility is to be advanced from August, 1982 to February, 1982.

Defendant filed a Crim. P. 35(c)(2) motion requesting immediate and unconditional release from parole. On the basis of the Parole Board's finding that the 1979 complaint was neither proper nor timely, defendant argued that it lacked jurisdiction to revoke his parole. The trial court denied defendant's motion, holding that it could frame no remedy for the harms defendant complained of.

Defendant argues that the allegations in the 1979 parole complaint were outdated and, therefore, could not be used as a basis for revocation of his parole. He contends that the trial court erred in affirming his parole revocation because it was based, in part, upon allegations which had not formally been made and on which no hearing had been held, in contravention of his due process rights. We conclude that both the Appellate Parole Board and the trial court

**22**

erroneously assumed that improper proceedings resulted in defendant's parole revocation and, thus, find no validity to the premise underlying defendant's contentions of error.

■ Due process requires that a parolee charged with a violation of his parole must have: (1) written notice of the claimed parole violations; (2) disclosure of evidence; (3) an opportunity to be heard and present witnesses and documentary evidence; (4) the right to confront adverse witnesses; (5) a neutral and detached hearing body; and (6) written statements of the facts relied upon in revoking parole. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ The requirement of a prompt revocation hearing begins to run when the Board executes the parole violator's warrant and takes the parolee into custody. *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). The Board need not execute the warrant pending an alleged violator's service of an intervening sentence. *Small v. Britton*, 500 F.2d 299 (10th Cir.1974).

■ Here, the defendant spent two years in an Ohio Penitentiary. Thus, the Parole Board was not obligated to commence proceedings until defendant's release. Once proceedings were begun, the Parole Board met its due process obligations by giving defendant written notice of the claimed violations (which he admitted), and basing its parole revocation upon these violated conditions. Accordingly, the revocation was properly effected, and the board's use of the Colorado misdemeanor conviction was surplusage and constituted harmless error.

Furthermore, even if we were to assume that the 1979 parole complaint should not have been used to revoke defendant's parole, we would nevertheless conclude that the revocation was still proper.

■ Where a defendant has admitted parole violations to the Parole Board, and these violations are found to be reasonable grounds for revoking parole, failure to give notice as to the particular admitted violations does not violate due process. *Morrissey v. Brewer, supra. See also Martineau v. Perrin*, 601 F.2d 1201 (1st Cir.1979).

■ Here, defendant admitted that he had violated his parole conditions and admitted his Ohio robbery conviction. These admissions can be taken into account by the Board, consistent with the rationale behind *Morrissey v. Brewer, supra*, which states that parole revocation hearings should have sufficient structure to assure that parole revocations be based upon informed accurate knowledge of the parolee's behavior. We are satisfied that the procedures employed here, while not exemplary, satisfied that requirement.

The order is affirmed.

STERNBERG and TURSI, JJ., concur.