FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENANT CIRCUIT

JULIAN PETER GABRIEL,

Plaintiff - Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

Defendant - Appellee.

No. 08-1438
(D.C. No. 08-CV-01495-ZLW)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.[**]

Julian Peter Gabriel, a state inmate appearing pro se, appeals from the

district court's order denying his petition for a writ of mandamus and dismissing

his action as frivolous under 28 U.S.C. § 1915(e)(2)(B). Gabriel v. U.S. Parole

Comm'n, No. 08-cv-01495-BNB, 2008 WL 4610009 (D. Colo. Oct. 9, 2008).

Essentially, Mr. Gabriel argues that he is entitled to a federal parole revocation

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

hearing because he was on federal parole at the time of his state conviction and subsequent state incarceration. He contends that because a parole revocation warrant, issued by the United States Parole Commission (USPC), and a detainer warrant, issued by the United States Marshals Service, were filed against him, the USPC has a duty to conduct full parole revocation proceedings pursuant to 18 U.S.C. § 4214(b)(1) (repealed 1984). R. Doc. 3.

We review de novo the district court's dismissal for frivolousness. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Mr. Gabriel cannot establish a clear and indisputable right to mandamus relief because the law is otherwise. A parolee is not entitled to a revocation hearing until a warrant is executed and the parolee is taken again into federal custody. See Moody v. Daggett, 429 U.S. 78, 89 (1976) (holding that the USPC could issue a warrant without promptly executing it or triggering the right to a hearing); Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972) (setting forth procedures for parole revocation hearings and indicating that right to hearing is not triggered until parolee is taken into federal custody); McDonald v. N.M. Parole Bd., 955 F.2d 631, 635 (10th Cir. 1991); Small v. Britton, 500 F.2d 299, 302 (10th Cir. 1974). Because neither warrant has been executed in Mr. Gabriel's case, he does not have a right to a hearing, and therefore the USPC has no duty to provide him with one. Therefore, the district court properly dismissed Mr. Gabriel's claim pursuant to § 1915(e)(2)(B).

We AFFIRM the district court's judgment. We DENY Mr. Gabriel's motion to proceed in forma pauperis, and remind him that he is responsible for the immediate payment of any unpaid balance of his appellate fees.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge