555 P.2d 695

**Lyle MOODY, Petitioner-Appellee,**

**v.**

**Santos QUINTANA and James Riggsby, Respondents-Appellants.**

**No. 10958.**

Supreme Court of New Mexico.

Oct. 26, 1976.

Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for respondents-appellants.

Jan A. Hartke, Acting Chief Public Defender, Bruce L. Herr, Appellate Defender, John Zavitz, Asst. Appellate Defender, Santa Fe, for petitioner-appellee

OPINION

MONTOYA, Justice.

Lyle Moody, petitioner-appellee, had been placed on parole on March 31, 1971, from the Penitentiary of New Mexico, where he had been committed to serve ten to fifty years for the crime of armed robbery, when he was convicted of a federal offense on April 18, 1975, (inter-state transportation of forged securities), and was sentenced to be imprisoned for two years at La Tuna Correctional Institution in Anthony, Texas. The day after petitioner had begun to serve this intervening sentence, a parole violator "retake" warrant was served on petitioner and the La Tuna officials. At the preliminary "probable cause" hearing, held at La Tuna on July 16, 1975, probable cause to believe that a parole violation had occurred was found to exist, and petitioner continued to be held

for return to New Mexico authorities under the retake warrant. No final parole revocation hearing was held within six months from the date of the preliminary hearing, and the final hearing has not been held up to this time.

Petitioner filed a writ of habeas corpus in Santa Fe County District Court to dismiss the parole violator's warrant, claiming that his due process rights had been violated by the failure to hold a final revocation hearing within six months of the preliminary hearing. The district court, apparently relying on the "reasonable time" requirement of *Morrissey v. Brewer,* 408 U. S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), granted the writ of habeas corpus.

The granting of the writ of habeas corpus was error.

*Morrissey v. Brewer,* supra, does not require a finding of a denial of due process here. *Morrissey* requires that "[t]he revocation hearing must be tendered within a reasonable time *after the parolee is taken into custody.*" (Emphasis added.) 408 U.S. at 488, 92 S.Ct. at 2603–04, 33 L.Ed.2d at 498. In the instant case, petitioner cannot even be taken into custody by the New Mexico authorities until he is released by the federal authorities. Therefore, the constitutionally requisite "reasonable time" will not even have begun to run until petitioner has served his intervening federal sentence.

Under these circumstances, a claim of denial of due process is without merit. The petitioner has not alleged or shown any prejudice resulting from the delay of the final parole revocation hearing and it is undisputed that the federal conviction was a basis for the parole revocation. Any deferral of the parole revocation hearing following service of an intervening sentence is without prejudice where the parole violation was established by an intervening conviction. See *Pigg v. Rodriguez,* Civil No. 75–116 (D.N.M., filed July 28, 1975).

For the reasons stated, the Santa Fe County District Court's order granting habeas corpus relief to petitioner is reversed.

IT IS SO ORDERED.

McMANUS and SOSA, JJ., concur.