**Bufford McDONALD, Petitioner–Appellant,**

v.

**NEW MEXICO PAROLE BOARD, Respondent–Appellee.**

Nos. 89–2273, 91–2111.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1991.

Ann Steinmetz, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Tom Udall, Atty. Gen. and Margaret McLean, Asst. Atty. Gen., Santa Fe, N.M., for respondent-appellee.

Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,** District Judge.

** Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Bufford McDonald, a Texas state prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was paroled from the New Mexico penitentiary after serving approximately three years of a four-year sentence for a third degree felony. One year later, pursuant to a guilty plea, Petitioner was sentenced to twenty years' imprisonment in Texas for a crime committed in that state only weeks after his New Mexico release.

Following Petitioner's conviction in Texas, the State of New Mexico held a preliminary parole violation hearing and issued and lodged a parole violation detainer warrant against Petitioner. Petitioner subsequently filed a petition for writ of habeas corpus in federal district court alleging that New Mexico's refusal to extradite him and hold an immediate revocation hearing, or alternatively, to remove the detainer, violated his due process rights. The district court adopted the proposed findings and recommended disposition of the magistrate judge and dismissed the petition with prejudice.

Petitioner filed his first notice of appeal on November 17, 1989. This court issued a partial remand to the district court for consideration of state court documents which were not previously available to the district court and granted Petitioner leave to reinstate his appeal following the remand proceedings. On remand, the district court affirmed its dismissal decision.[1] We grant Petitioner's request for a certificate of probable cause and affirm.

1. Instead of reinstating his prior appeal, Petitioner filed a second notice of appeal, thus explaining the two docket numbers assigned to this case.

2. New Mexico statutory law provides for only one revocation hearing following arrest:

Petitioner initially quotes from New Mexico's Interstate Agreement on Detainers, N.M.Stat.Ann. § 31–5–12, and cites to the Supreme Court's decision in *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Neither of these authorities is applicable to this case. In *Carchman,* the Court specifically states that the Interstate Agreement on Detainers only applies to detainers lodged on *untried criminal charges* and has no applicability to probation or parole revocation detainers. *Id.* at 725–28, 105 S.Ct. at 3406–08. Consequently, we fail to discern the value or relevance of this argument to Petitioner's claim.

■ Petitioner also misapplies the Supreme Court's rationale in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in which the Court held that due process safeguards, including, but not limited to, a prompt "preliminary hearing" inquiry followed by a revocation hearing within a reasonable time, attach *after the parolee is taken into custody* by the paroling authority. *Id.* at 485, 488, 92 S.Ct. at 2602, 2603. Where Petitioner has been convicted of an intervening offense, the preliminary hearing is unnecessary because probable cause has already been established by the subsequent conviction. *Moody v. Daggett,* 429 U.S. 78, 86 n. 7, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976) (citing 18 U.S.C. § 4214(b)(1) and 28 C.F.R. § 2.48(f)); *see also Mack v. McCune,* 551 F.2d 251, 253 (10th Cir.1977) (subsequent conviction precludes need for initial local hearing).[2]

The hearing requirements and time limitations must be adhered to only after the parolee is taken into custody as a parole violator. *Moody,* 429 U.S. at 86, 97 S.Ct. at 278. New Mexico did not execute the warrant, and Petitioner was not taken into custody by the New Mexico authorities.

(C) Upon arrest and detention, the [parole] board shall cause the prisoner to be promptly brought before it for a parole revocation hearing on the parole violation charged.... N.M.Stat.Ann. § 31–21–14(C).

Until he is, he has not been deprived of a liberty interest by New Mexico state action, and is not entitled to the due process safeguards set forth in *Morrissey.*

■ Next, Petitioner contends that because of the unexecuted detainer warrant, he is being prejudiced in his ability to take advantage of various educational and rehabilitative programs offered by the incarcerating institution. He further argues that his possibility of Texas parole is being jeopardized by the delay in executing the New Mexico warrant. Petitioner's allegations of prejudice are general, speculative, and unsupported by the record. He has asserted no specific incident of prejudice resulting from the existence of the unexecuted warrant. Petitioner has not informed us of any adverse action taken by the Texas correctional facility which would prevent him from participating in educational and rehabilitative programs or from being considered for parole when, or if, he is eligible. Even if Petitioner's claims were well grounded, however, the Supreme Court has rejected the concept that these kinds of adverse consequences of state action trigger a due process concern. *Moody,* 429 U.S. at 88 n. 9, 97 S.Ct. at 279 n. 9; *see also Kenner v. Martin,* 648 F.2d 1080, 1081 (6th Cir.1981); *Moody v. Quintana,* 89 N.M. 574, 555 P.2d 695, 696 (1976).

■ Petitioner also asserts that his chance of serving the sentences concurrently and his ability to offer mitigating evidence at a future revocation hearing are being jeopardized by New Mexico's reluctance to act on the parole violation immediately. At the time New Mexico executes the warrant, presumably at the completion of Petitioner's intervening Texas sentence, we know of nothing preventing the New Mexico authorities from retroactively granting Petitioner the right to serve the sentences concurrently *if* New Mexico law provides for this option. As to the alleged mitigating evidence, Petitioner fails to enlighten this court as to what evidence is available to him or to how it is being vitiated by the delay. *See Moody,* 429 U.S. at 88 n. 9, 97 S.Ct. at 279 n. 9; *Gaddy v. Michael,* 519 F.2d 669, 673 (4th Cir.1975),

*cert. denied,* 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976). *See generally Reese v. United States Bd. of Parole,* 530 F.2d 231, 234–35 (9th Cir.), *cert. denied,* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976).

■ In dismissing Petitioner's claim, the district court relied on the Supreme Court's decision in *Moody,* holding that a parolee was not entitled to an immediate parole revocation hearing following the issuance and lodging of a detainer warrant with an incarcerating institution. *Moody,* 429 U.S. at 86, 97 S.Ct. at 278. Petitioner proffers the argument that the facts of *Moody* are distinguishable. The parolee in *Moody* was a federal parolee incarcerated for a subsequent federal crime committed while on parole. Petitioner claims that, because both the paroling authority and the incarcerating authority were the same jurisdiction, the *Moody* decision should not apply to his situation where the paroling and incarcerating authorities are different and autonomous. We do not agree.

In our decision in *Small v. Britton,* 500 F.2d 299 (10th Cir.1974), we held that a *federal* parolee was not "taken into custody" until after his parole revocation warrant had been executed at the completion of his subsequent incarceration in a *state* institution. *Id.* at 301. We further held that the parolee is not entitled to a revocation hearing until after he is taken into custody pursuant to the warrant. *Id.* The fact that the paroling jurisdiction and the incarcerating jurisdiction were not the same did not create due process concerns in *Small,* and we cannot determine how Petitioner's situation would differ. *See also McNeal v. United States,* 553 F.2d 66, 68 (10th Cir.1977) (due process right to a revocation hearing does not attach while federal parolee is serving an intervening state sentence); *Coronado v. United States Bd. of Parole,* 551 F.2d 275, 277 (10th Cir.1977) (same); *Kenner,* 648 F.2d at 1081 (diverse jurisdictions of no importance when considering effect of an unexecuted parole violation warrant).

New Mexico law, in conformity with the *Moody v. Daggett* decision, also does not recognize a need to create an exception

based on diverse jurisdictions. In *Moody v. Quintana,* the New Mexico Supreme Court held that a *state* parolee could not be taken into custody for purposes of holding a revocation hearing until he had completed an intervening *federal* sentence, and that this delay did not constitute a due process violation. *Id.,* 555 P.2d at 696. The Supreme Court's holding that there is "no requirement for an immediate hearing," in the event of parole violation based on an intervening conviction, *Moody v. Daggett,* 429 U.S. at 86, 97 S.Ct. at 278, carried no qualification based on jurisdictional diversity.[3]

In Petitioner's memorandum brief, filed subsequent to the remand, he asserts an additional argument, claiming that, because New Mexico apparently issued temporary revocation warrants and held a preliminary inquiry, the New Mexico "parole violation process was started," and, according to our holding in *Still v. United States Marshal,* 780 F.2d 848 (10th Cir.1985), the process cannot be abated. In *Still,* a federal parolee was taken into federal custody by a United States marshal pursuant to a parole violation warrant. The warrant was subsequently withdrawn, and a scheduled revocation hearing cancelled, pending adjudication of the state charges upon which the warrant was based. We held that because federal statutory procedural safeguards had been triggered by a "retaking" of the parolee, *id.* at 850 n. 2, the warrant could not be withdrawn and the Parole Commission must go forward with a timely revocation hearing. *Id.* at 851.

In a recent decision, this court narrowed the holding in *Still* by concluding that a parole violator warrant may be withdrawn *if* it has not been validly executed. *McConnell v. Martin,* 896 F.2d 441, 446 n. 9 (10th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 167, 112 L.Ed.2d 131 (1990). Petitioner claims that the Preliminary Revocation Violation Hearing Report states that the warrant was executed on September 15, 1987. Appellee's Answer Br., App. A, Ex. 6. Whatever the notation on the warrant may mean, it is clear on the state of the present record that it does not mean that the Petitioner was "taken into custody" by the parole authorities within the meaning of our cases. *Compare Small,* 500 F.2d at 301 *with Still,* 780 F.2d at 850 n. 2. There is no indication in the record, or in the state procedural documents, that the warrant was executed by taking Petitioner into custody. Consequently, Petitioner's reliance on our decision in *Still* is misplaced and unpersuasive.

A grant of a petition for a writ of habeas corpus requires a showing that Petitioner is being confined in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a). Petitioner has not asserted any injuries involving the loss of a protected liberty or property interest resulting from the existence of the unexecuted revocation detainer warrant. Therefore, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

---

**3.** The only reference to this issue in *Moody,* is the Court's explanation that the detainer placed on a federal parolee serving a subsequent federal sentence is an "internal administrative mechanism" while, when the jurisdictions are autonomous, the detainer "is a matter of comity." *Moody,* 429 U.S. at 80–81 n. 2, 97 S.Ct. at 275 n. 2.