52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Phillip Allen WING, Plaintiff-Appellant,
v.
CORRECTIONS DEPARTMENT OF THE STATE OF NEW MEXICO; Eloy
Mondragon; John Thomas; Chet Edwards; Wilfred Romero;
Elmer Bustos; Jane Smith; John Shanks; Christine Montoya;
John Arrias, individually and officially; Montana Board of
Pardons; Montana Community Corrections Bureau; Mike
Ferriter; Constance Perrin, individually and officially,
and all their agents, Defendants-Appellees.
 No. 94-2234.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Phillip Allen Wing, a pro se litigant, appeals the district court's sua sponte dismissal of his civil rights complaint as frivolous pursuant to 28 U.S.C.1915(d). Mr. Wing had sued various correction officials in New Mexico and Montana in their individual and official capacities alleging violations of 42 U.S.C.1983, 42 U.S.C.1985(3), 42 U.S.C.1986, 42 U.S.C.1988, and 42 U.S.C.1997. We affirm.
 
 
 3
 Mr. Wing was living in New Mexico, having been released on parole from a Montana prison, when he was arrested and convicted for battery as a habitual offender. Due to this conviction, Montana officials lodged a detainer against Mr. Wing for violating his parole. Mr. Wing alleges it is this detainer that violated his rights under the Fourteenth Amendment and violated the Interstate Agreement on Detainers. Specifically, Mr. Wing alleges the Montana officials failed to hold a preliminary hearing on his parole revocation to support the lodging of the detainer against him. Montana dispensed with the preliminary parole revocation hearing due to Mr. Wing's New Mexico conviction. Thus, Mr. Wing claims he was denied procedural protections under the due process clause. Mr. Wing sought an injunction against the enforcement of the detainer and sought damages.
 
 
 4
 The district court dismissed Mr. Wing's complaint for failure to show the deprivation of a federal right. The district court disagreed with Mr. Wing's argument that a final hearing on the detainer, held after his release from the custody of New Mexico, would be insufficient and would violate his due process rights. The court correctly noted that such arguments were rejected by the Tenth Circuit in McDonald v. New Mexico Parole Board, 955 F.2d 631 (10th Cir.1991), cert. denied, 112 S.Ct. 1968 (1992). Thus, the court did not abuse its discretion in dismissing this claim under 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 The district court also correctly held Mr. Wing's sole federal remedy against the lodging of the detainer would be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973). The court liberally construed Mr. Wing's claim for injunctive relief as a petition for habeas corpus relief, however, the court went on to note that Mr. Wing had not exhausted his state remedies. Thus, the district court dismissed Mr. Wing's claim for injunctive relief.
 
 
 6
 On appeal, Mr. Wing argues the district court erred because he was not requesting release from confinement, and thus, his claim for injunctive relief should not have been treated as a petition for habeas corpus relief. Regardless of whether Mr. Wing's claim for injunctive relief is treated as a habeas corpus petition or as a civil rights claim, the district court was correct in dismissing the claim. Mr. Wing did not pursue any state remedy, therefore, he cannot pursue federal habeas corpus relief. Also, Mr. Wing has failed to show how the denial of a preliminary hearing on a detainer violates his federal rights. See McDonald, 955 F.2d at 634.
 
 
 7
 Accordingly, we AFFIRM the district court's dismissal. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470