65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale Stuart SISSON, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellant.
 No. 94-6359.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Dale Stuart Sisson appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. We affirm the decision of the district court.
 
 
 3
 In 1991, Mr. Sisson was paroled by the Kansas Department of Corrections to be supervised on parole in Oklahoma City pursuant to an interstate compact agreement between Kansas and Oklahoma. In 1992, Mr. Sisson pleaded guilty to an Oklahoma robbery and was sentenced to 25 years in Oklahoma state prison. He is currently a prisoner at the Joseph Harp Correctional Center in Lexington, Oklahoma.
 
 
 4
 When Mr. Sisson was convicted of the Oklahoma crime, Kansas issued a parole violation detainer. Although Mr. Sisson has requested that the Kansas Department of Corrections withdraw the detainer, it has not done so and has requested that Mr. Sisson be returned to Kansas for a parole violation hearing upon his release from prison. Mr. Sisson argued below, and asserts on appeal, that he has a Fourteenth Amendment due process right to an immediate hearing.[2] We review a district court's legal conclusions de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991).
 
 
 5
 After reviewing the record in this case, we cannot agree with Mr. Sisson and affirm for substantially the same reasons as the district court. The Constitution requires that a hearing be held only after the parolee is taken into custody by the authority that issued the warrant. McDonald v. New Mexico Parole Bd., 955 F.2d 631, 633-34 (10th Cir.1991), cert. denied, 504 U.S. 920 (1992) (holding that the prisoner was not deprived of a liberty interest and not entitled to due process safeguards because petitioner had not been taken into custody by the issuing authority).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The state argues that Mr. Sisson has failed to exhaust his state appeals. However, a federal appellate court may address the merits of a 2254 habeas corpus claim if the petitioner fails to raise a colorable federal claim. Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). In this case, Mr. Sisson has not raised a colorable federal claim and we proceed to the merits of his action