**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK ANDREW CHRISTENSEN,

Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS,

Respondent-Appellee.

No. 98-1096
(D.C. No. 96-D-1634)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Mark A. Christensen, an inmate appearing pro se, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus requesting the district court to remove a detainer lodged against him by the state of Montana.  The district court denied his petition.  We affirm.

Background

Petitioner was convicted of theft in Montana in 1993 and placed on probation.  In 1995, Petitioner was arrested and convicted in Colorado for an unrelated theft charge.  He is currently in the custody of the Colorado Department of Corrections serving his sentence on that conviction.  Shortly after his Colorado arrest, Montana lodged a detainer against petitioner for violating the terms of his Montana probation. [1]  Petitioner states that he immediately waived extradition, and that Montana initially dismissed the detainer but later reinstated it. [2]

---

[1]  "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."  Carchman v. Nash, 473 U.S. 716, 719 (1985).  Here, the Montana detainer requested the Colorado Department of Corrections to detain petitioner upon his release because Montana intended to extradite petitioner for his probation violation upon completion of his Colorado sentence.

[2]  Generally, when a detainer is filed against an out-of-state prisoner, the prisoner may request disposition of the charge underlying the detainer and has rights under the Interstate Agreement on Detainers Act (IADA) to be brought to trial on that charge within specific time periods.  See 18 U.S.C. App. § 2, Art. III. However, the Supreme Court has held the IADA does not apply to detainers based on probation violation charges.  See Carchman, 473 U.S. at 725-26.

(continued...)

-2-

Petitioner argues that Montana has never taken any action to dispose of the Montana detainer and has shown no interest in extraditing him. He asserts he is unable to participate in any rehabilitative programs in Colorado as a result of the Montana detainer. He seeks the removal of the detainer in his § 2241 petition, asserting that respondent's failure to have the detainer against him removed violates his due process rights.

The district court denied the § 2241 petition in May 1997, adopting the magistrate judge's recommendation that petitioner had failed to exhaust his available state remedies because he never presented his claim to the Colorado or Montana appellate courts. On appeal, petitioner contends he had exhausted his state remedies because he filed petitions in Colorado and Montana seeking the removal of detainer, which were denied.

Petitioner filed his habeas petition in Montana only after the district court's ruling; thus, this information was not before the district court. The record before the district court showed that petitioner twice petitioned the Colorado state district court in Larimer County seeking removal of the detainer action and had filed a state habeas petition with the Colorado Supreme Court. The Colorado Supreme Court denied petitioner's habeas petition without prejudice to renew his

---

[2](...continued)

petition if the Larimer County Court did not act upon his earlier petitions within sixty days. Petitioner included information in his brief on appeal that the Larimer County Court ruled on his pending petitions to remove the detainer on August 9, 1996, and October 16, 1996. However, petitioner does not indicate what action the Larimer County Court took or whether he appealed those orders to the Colorado Court of Appeals.

### Discussion

We review de novo the district court's legal conclusions in dismissing a habeas petition. See Davis v. Executive Dir., Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, 117 S. Ct 1703 (1997). Although it is clear that petitioner has failed to demonstrate that he has exhausted his available state remedies because he has not indicated what action the Larimer County Court took or whether he appealed those rulings, [3] we choose to affirm the district court's decision on the basis that petitioner has not alleged the violation of a federal constitutional right. See Granberry v. Greer, 481 U.S. 129, 135 (1987) (noting that state and federal interests are furthered by an affirmance on the merits,

---

[3]     No statutory exhaustion requirement applies to § 2241, but we have held that "'federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quoting Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987)).

despite the lack of exhaustion, "if it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Petitioner has not demonstrated how the existence of the Montana detainer violates his federal rights. He has asserted no specific incident of prejudice resulting from the existence of the unexecuted warrant, and his general allegation that he is unable to participate in rehabilitative programs in the Colorado Department of Corrections because of the detainer is conclusory and unsupported by any evidence in the record. See McDonald v. New Mexico Parole Bd., 955 F.2d 631, 634 (10th Cir. 1991). Even if petitioner were unable to participate in rehabilitative programs because of the detainer, we noted in McDonald that "the Supreme Court has rejected the concept that these kinds of adverse consequences . . . trigger a due process concern." Id. (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (holding that a prisoner in a federal penitentiary who is subject to a federal parole-violation detainer is not constitutionally entitled to a prompt parole-revocation hearing)); see also Carchman, 473 U.S. at 731 n.10 ("This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing."). Therefore, petitioner has failed to present any evidence of a due process violation.

The judgment of the United States District Court for the District of

Colorado is AFFIRMED. Petitioner's motion to proceed in forma pauperis is

DENIED because petitioner failed to present a reasoned, nonfrivolous argument

on the law and merits. See 28 U.S.C. § 1915(a)(3); DeBardeleben v. Quinlan, 937

F.2d 502, 505 (1991).


Entered for the Court


David M. Ebel
Circuit Judge