**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDOLPH STEPHEN BAIRD,

Plaintiff-Appellant,

v.

T. ANTHONY CAROCHE,

Defendant-Appellee.

No. 05-1472

(D.C. No. 05-Z-1110)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Appellant, a prisoner appearing pro se, seeks relief pursuant to 42 U.S.C. § 1983. Appellant is currently incarcerated at the Buena Vista, Colorado, Correctional Facility. He is attacking a probation-violator warrant lodged against

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

him as a detainer by the State of South Carolina. Appellant "asserts that he has attempted to have the detainer removed, apparently pursuant to the Interstate Agreement on Detainers Act (IADA)." Order and Judgment of Dismissal, 2 (D. Colo. Oct. 21, 2005). He claims that "the presence of the detainer affects his current conditions of confinement because it denies him the opportunity to participate in programs available to other prisoners" and that his South Carolina sentence should be served concurrently with his Colorado sentence. *Id*. The district court dismissed Appellant's complaint as legally frivolous. *Id*. at 3.

Appellant's detainer, for an outstanding probation-violation charge, is not the type covered by the IADA, and his reliance upon it is "misplaced." *Id*. The court stated that "[t]he IADA, by its terms, only applies to detainers based upon outstanding criminal charges, i.e., an untried indictment, information, or complaint, and, therefore, is not applicable to [Appellant's] probation violator detainer." *Id*. The Supreme Court explained in *Carchman v. Nash*, 473 U.S. 716, 725-26 (1985):

> A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the meaning of Art. III. Although the probation violation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being "prosecuted" or "brought to trial" for that offense. . . . [T]he probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be

resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial.

The district court also found that Appellant "is not entitled to a probation-violation hearing until he is taken into custody pursuant to the probation-violation warrant." *Id.* (citing *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991)).  Finally, the court stated that "[t]he mere fact that the presence of the state detainer may affect the present conditions of [Appellant's] confinement does not entitle him to relief." *Id.* (citing *Sable v. Ohio*, 439 F. Supp. 905, 906 (W.D. Okla. 1977)).

We now deny Appellant's Application for Appointment of Counsel.  We grant Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs and Fees, and we remind him of his obligation to continue to make partial payments of his filing fee until paid in full.  We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal.  We are in accord with the district court's dismissal as legally frivolous, and, for substantially the same reasons set forth by the district court in its October 21, 2005 order, we **AFFIRM** the district court's dismissal of Appellant's complaint.

Entered for the Court

Monroe G. McKay

-3-

Circuit Judge