FILED
United States Court of Appeals
Tenth Circuit

June 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEAN VONKROSIGK,

        Petitioner - Appellant,

    v.

DORA SCHRIRO, GREG FIZER,
WYOMING ATTORNEY GENERAL,

        Respondents - Appellees.

No. 10-8020

(D. Wyoming)

(D.C. No. 2:09-CV-00067-WFD)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Dean Vonkrosigk, an Arizona state prisoner proceeding *pro se*, seeks a

certificate of appealability ("COA") in order to appeal the denial of his 28 U.S.C.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

2241 petition[1] challenging the execution of his sentence.  We deny him a COA and dismiss this matter.

## BACKGROUND

On November 15, 2001, Mr. Vonkrosigk was convicted of one count of acquiring a controlled substance by misrepresentation, in violation of Wyo. Stat. Ann. § 35-7-1033(a)(iii).  He was sentenced to three to five years, but that sentence was suspended in favor of a five-year period of probation.

On July 10, 2003, Mr. Vonkrosigk was convicted of one count of possession with intent to distribute methamphetamine, in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i).  The trial court in that case imposed a sentence of four to ten years' imprisonment.  Additionally, on that same date, the trial court revoked Mr. Vonkrosigk's probation in the earlier case involving the acquisition of a controlled substance by misrepresentation.  The trial court reimposed the sentence in that case, to run concurrently with the sentence for the methamphetamine conviction.  Mr. Vonkrosigk did not appeal either of his convictions or sentences.

Mr. Vonkrosigk was released to parole on June 30, 2006.  As part of his parole, he waived extradition.  Soon thereafter, he absconded from parole, and a warrant for his arrest was issued in October 2006.  Mr. Vonkrosigk was stopped

---

[1]Mr. Vonkrosigk initially filed this petition as a 28 U.S.C. § 2254 petition, but the district court correctly converted it to a 28 U.S.C. § 2241 petition.

for a vehicular equipment violation in Arizona in November 2006, where authorities discovered the Wyoming warrant for his arrest. He was accordingly arrested on the Wyoming warrant, as well as on felony drug charges stemming from a search of his car in Arizona.

In May 2007, Mr. Vonkrosigk was convicted of felony drug charges in Arizona and was sentenced to eight years' imprisonment in Arizona. Mr. Vonkrosigk remains in the custody of the Arizona Department of Corrections pursuant to that felony conviction.

The Wyoming Board of Parole has asked the Arizona authorities to place a "hold" on Mr. Vonkrosigk, and has further asked the Arizona authorities to contact the Board upon Mr. Vonkrosigk's release so that he may be returned to Wyoming to complete his sentences in that state. On February 5, 2008, Mr. Vonkrosigk submitted a letter to the Wyoming Board of Parole asking it either to drop the "hold" placed on him, or bring him to Wyoming now for parole revocation proceedings. The Board denied that request, and informed him that he would be returned to Wyoming for parole revocation proceedings upon completion of his Arizona sentence.

On July 18, 2008, Mr. Vonkrosigk filed in the Wyoming state court a Motion to Enforce the Correct and Legal Sentence. He asked the court to declare that he was serving his Wyoming sentences while incarcerated in Arizona on his Arizona conviction. The trial court denied the motion without comment on

July 24, 2008. Mr. Vonkrosigk appealed that denial to the Wyoming Supreme

Court, which dismissed the appeal after determining that the motion was not

cognizable in either the trial court or the Wyoming Supreme Court.

Mr. Vonkrosigk then filed the instant petition in Wyoming federal district

court. A § 2241 petition is designed to attack the execution of a sentence and

must be filed in the district where the prisoner is confined. See Bradshaw v.

Story, 86 F.3d 164, 166 (10th Cir. 1996). Relief cannot be granted to a prisoner

under § 2241, however, unless:

> (1) He is in custody under or by color of the authority of the United
> States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act
> of Congress, or an order, process, judgment or decree of a court or
> judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or
> treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein, is in
> custody for an act done or omitted under any alleged right, title,
> authority, privilege, protection, or exemption claimed under the
> commission, order or sanction of any foreign state, or under color
> thereof, the validity and effect of which depend upon the law of
> nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241.

The only subsection which could apply to Mr. Vonkrosigk is subsection (3).

As he does not allege a violation of any treaty, in order to prevail under § 2241,

Mr. Vonkrosigk must demonstrate a violation of the Constitution or laws of the United States. He claims that the Wyoming Board of Parole's refusal to bring him to Wyoming for a parole revocation hearing, or to conduct such a hearing *in absentia*, violates his constitutional right to due process and his protection against Double Jeopardy. The district court denied Mr. Vonkrosigk's petition, finding that neither his due process nor double jeopardy rights were violated. The court did not act on Mr. Vonkrosigk's request for a COA; accordingly, he has asked this court to issue one. The respondent has not filed a brief.

**DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2241 petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Vonkrosigk must establish that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>,

529 U.S. 473, 484 (2000).

The district court addressed both of Mr. Vonkrosigk's arguments on their

merits. It explained that, with respect to Mr. Vonkrosigk's due process argument,

our court had previously addressed this issue in <u>McDonald v. New Mexico Parole</u>

<u>Board</u>, 955 F.2d 631 (10th Cir. 1991) and resolved it adversely to Mr.

Vonkrosigk's argument. We agree with that assessment. We also agree with the

court's rejection of Mr. Vonkrosigk's double jeopardy argument. As the court

explained:

> The double jeopardy clause is inapplicable here. Petitioner is serving two separate sentences for convictions in two different states. Before fully serving his Wyoming sentence, he absconded. When released from his Arizona sentence, he will be returned to Wyoming for parole revocation proceedings. If the Board decides to revoke his parole, it will also decide whether Petitioner will receive credit against his Wyoming sentence for any time between his release on parole and his return to Wyoming. This decision rests within the discretion of the Board. In sum, the Court finds that Petitioner's second claim is without merit and must be denied.

Order at 8 (citations omitted). We cannot improve on that analysis. Thus,

Mr. Vonkrosigk has failed to show that jurists of reason could debate the

propriety of the district court's resolution.

## CONCLUSION

For the foregoing reasons, we DENY a COA and dismiss this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge