**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CROSBY LINCOLN POWELL,

      Petitioner - Appellant,

v.

ARAPAHOE COUNTY DISTRICT
COURT; THE ATTORNEY GENERAL
OF THE STATE OF COLORADO,

      Respondents - Appellees.

No. 15-1211
(D.C. No. 1:15-CV-00250-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

     Petitioner Crosby Powell, proceeding pro se, requests a certificate of appealability to appeal the district court's denial of his habeas corpus petition. For the reasons explained below, his request is denied.

     Six years ago, in a Colorado state court, Mr. Powell pled guilty to one count of theft. He was sentenced to six years' probation, with a suspended sentence of twelve years' imprisonment. He did not appeal. He was later convicted of federal crimes committed during his probation and has been in federal custody since 2012.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Two years ago, because of Mr. Powell's federal conviction, the state moved to revoke his probation and reinstate the suspended sentence of imprisonment. In response, Mr. Powell filed this petition under 28 U.S.C. § 2254. He asserts three grounds for relief, two of which challenge his original Colorado conviction and one of which challenges the probation revocation proceedings, which were still ongoing when he filed his petition.

Mr. Powell's first two claims fail because they are asserted too late. The law that allows prisoners to challenge state court convictions through habeas corpus gives them only one year to file their petitions. 28 U.S.C. § 2244(d)(1). Mr. Powell's year started in March 2009, when the deadline passed for him to file an appeal. His one-year period could have been extended if he had been actively challenging his conviction in state court, or if unusual circumstances had prevented him from filing a petition. But nothing prevented him from filing a petition during his one-year window,[1] and he never challenged his conviction in state court until long after his one-year window had closed. Thus, when he finally filed his federal petition in January 2015, it was nearly five years late. Reasonable jurists therefore would not debate the district court's dismissal of these untimely claims.

Mr. Powell's third claim is now five years late. Instead of alleging errors in his original conviction, it alleges that "Arapahoe County Court refuses to bring the Petitioner before the court in disposing of the probation violations charges." (R. at 32.) Further, instead of requesting that his original sentence be vacated or modified, it asks that the

---

[1] Although he was not actually imprisoned, he was on probation with a suspended sentence, which satisfies the requirement that habeas petitioners must be "in custody." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

Arapahoe County Court be ordered "to grant the Petitioner a forthwith hearing on the probation charges" or, alternatively, to "dismiss[] the charges with prejudice contained in the probation complaint and warrant." (R. at 35.)

Thus, rather than being too late, the third claim in Mr. Powell's § 2254 petition has been brought too early. Section 2254 permits petitioners "in custody pursuant to the judgment of a State court" to bring challenges to their conviction and sentence; it does not permit challenges to state court proceedings where a conviction or sentence has yet to be entered. *See Walck v. Edmonson*, 472 F.3d 1227, 1234–35 (10th Cir. 2007). Thus, reasonable jurists would not debate the district court's holding that this claim is not cognizable under § 2254.

The correct vehicle for challenging the ongoing probation proceedings would be a habeas petition under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 485–86 (1973) (considering, under 28 U.S.C. § 2241, a habeas petition filed by a prisoner of one state to challenge a detainer filed against him by another state). Although the district court could conceivably have recharacterized Mr. Powell's third claim as a § 2241 petition, doing so might have made it difficult for Mr. Powell to file any future § 2241 petitions challenging the ongoing probation proceedings. *See Simon v. United States*, 359 F.3d 139, 143–45 (2d Cir. 2004) ("Under the present circumstances . . . a habeas petitioner is far from assured that a *sua sponte* conversion [of a 2254 petition to a 2241 petition] will not have serious ill effects on future efforts to pursue § 2241 relief . . . ."); *see also McClesky v. Zant*, 499 U.S. 467, 483–84 (1991) (recognizing that § 2241 habeas claims that could have been raised in an earlier petition might be barred as abuses of the

writ). Further, looking at the substance of the claim, we are persuaded that recharacterization in this case would have been futile.

We see three conceivable legal bases for Mr. Powell's third claim, none of which would entitle him to relief if his claim were recharacterized as a § 2241 petition. First, some of Mr. Powell's language seems to ask us to order dismissal of the probation proceedings simply because his original six-year probation period has ended. This request cannot be granted because it does not allege a violation of federal law as §2241 requires. *See* 28 U.S.C. § 2241(c)(3) (permitting habeas relief only for prisoners "in custody in violation of the Constitution or laws or treaties of the United States"). Second, other language suggests that Mr. Powell seeks to revive an argument he originally raised in state court, namely that the Interstate Agreement on Detainers requires the probation proceedings to be disposed of within a certain period of time. This argument fails because the Interstate Agreement on Detainers does not apply to probation revocation proceedings of the sort that Mr. Powell challenges. *Carchman v. Nash*, 473 U.S. 716, 726 (1985).

Third, Mr. Powell can be understood as the district court understood him, namely as alleging that the drawn-out probation proceedings violate his federal constitutional right to due process. However, while the Supreme Court has recognized a due process right for probation revocation proceedings to be resolved within a reasonable time, *Morrisey v. Brewer*, 408 U.S. 471, 488 (1972), this right does not attach until the individual has been taken into custody pursuant to a probation revocation warrant, *McDonald v. N.M. Parole Bd.*, 955 F.2d 631, 633–34 (10th Cir. 1991). In this case, the

record indicates—and Mr. Powell agrees—he has not been taken into state custody on the probation revocation warrant. His right to a reasonably prompt disposition of the probation proceedings has therefore not yet attached, and converting his § 2254 petition into a § 2241 petition would have accomplished nothing except perhaps to prevent him from filing a later § 2241 petition.

For the foregoing reasons, reasonable jurists would not debate the district court's dismissal of Mr. Powell's § 2254 habeas petition. We therefore **DENY** Mr. Powell's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Mr. Powell's motion to proceed *in forma pauperis* on appeal.

                                    Entered for the Court


                                    Monroe G. McKay
                                    Circuit Judge