**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN BRENT MAURER,

    Petitioner - Appellant,

v.

IDAHO DEPARTMENT OF
CORRECTIONS,

    Respondent - Appellee.

No. 19-1419
(D.C. No. 1:19-CV-02191-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Petitioner and appellant, Steven Brent Maurer, a Colorado state prisoner

proceeding *pro se*, seeks a Certificate of Appealability (COA) in order to appeal the

district court's denial of his petition under 28 U.S.C. § 2241. We deny his request for a

COA.

**I**

Mr. Maurer is a prisoner in the custody of the Colorado Department of

Corrections. His § 2241 petition asserts that he is being denied due process because he is

subject to an unlawful detainer issued by the Idaho Department of Corrections that "is

preventing the progression to a lower custody facility and elig[ibi]lity to go to a half-way

house." ROA at 5. While Mr. Maurer's petition does not provide specific information

regarding the detainer, he does allege that he has filed a "Motion to Enter Plea by Mail/Disposition by Mail" in Idaho state court pertinent to the detainer, and Mr. Maurer attached a copy of that motion to his petition. *Id.* at 9. In that motion, Mr. Maurer indicates he is willing to plead guilty to an Idaho parole violation charge. *Id.* The relief Mr. Maurer seeks in his petition is for the court "to vacate the detainer due to its burden and prejudice in allowing progression while in custody in the Colorado Department of Corrections." *Id.* at 7.

The magistrate judge construed Mr. Maurer's claim liberally as being asserted pursuant to the Interstate Agreement on Detainers Act (IADA) and concluded the claim lacked merit because the IADA does not apply to detainers based upon parole violations. *Id.* at 14 (citing *Carchman v. Nash*, 473 U.S. 716, 727–28 (1985)). The magistrate judge also noted that Mr. Maurer is not entitled to a parole revocation hearing until he is taken into custody by the paroling authority and that the adverse consequences he faces as a result of the Idaho detainer do not trigger any due process concerns. *Id.* (citing *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633–64 (10th Cir. 1991)).

Mr. Maurer objected to the magistrate judge's recommendation, contending that he is asserting a due process claim rather than a claim under the IADA and that *McDonald* is distinguishable because he "is entitled to conditional liberty created by the removal of the unlawful detainer." *Id.* at 16–17. The district court overruled Mr. Maurer's objections, concluding that Mr. Maurer failed to demonstrate that *McDonald* is distinguishable or that his due process claim has merit. *Id.* at 21. The district court adopted the magistrate judge's recommendation, denied Mr. Maurer's § 2241 petition,

and dismissed the action. *Id.* The district court also denied a COA and *in forma pauperis* status on appeal, certifying that any appeal from the dismissal would not be taken in good faith. *Id.* at 21–22. Mr. Maurer timely filed a notice of appeal.

## II

To obtain appellate review of the district court's dismissal of his petition, Mr. Maurer must acquire a COA. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). To acquire a COA, Mr. Maurer must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, he must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Even construing Mr. Maurer's *pro se* request liberally, *see Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013), we conclude that he has failed to make this showing.

Mr. Maurer concedes on appeal that the IADA "does not provide relief" but persists in his argument that "the detainer must be removed due to the due process being violated." Aplt. Br. at 3. Mr. Maurer claims that "[t]he detainer violated [his] right to liberty and parole with fair notice of the detainer and a remedy to dispose of the detainer being non-existent."[1] *Id.*

---

[1] Mr. Maurer also makes a vague equal protection argument, which he raised for the first time in his objections to the magistrate judge's recommendation. *See* ROA at 18. We decline to address this argument because "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Even if Mr. Maurer had properly raised this argument, he does not cite a single case involving an equal protection claim, and he has not alleged that he was "treated differently from others who were similarly situated."

Rather than attempting to distinguish *McDonald*, Mr. Maurer now cites *McDonald* to argue that his "liberty interest[s]" were violated. *Id.* But *McDonald* rejected the precise argument Mr. Maurer makes here, holding that a petitioner's right to a parole revocation hearing and other "due process safeguards" do not attach until the petitioner's intervening sentence has been completed, and he has been taken into custody by the paroling authority. 955 F.2d at 633–64. *McDonald* explained,

> The hearing requirements and time limitations must be adhered to *only after* the parolee is taken into a custody as a parole violator. New Mexico[, the paroling authority,] did not execute the warrant, and Petitioner[, a Texas state prisoner,] was not taken into custody by the New Mexico authorities. Until he is, he has not been deprived of a liberty interest by New Mexico state action, and is not entitled to the due process safeguards set forth in *Morrissey* [*v. Brewer*, 408 U.S. 471 (1972)].

*Id.* (emphasis added) (citation omitted). Mr. Maurer has not been taken into custody by the Idaho authorities. Thus, he has not been deprived of a liberty interest by Idaho state action and is not entitled to the due process safeguards he seeks.

Mr. Maurer also relies on *Young v. Harper*, 520 U.S. 143 (1997), to argue that his due process rights have been violated. The petitioner in *Young*, however, was not serving an intervening sentence and had been taken into custody by the paroling authority. *Id.* at 146. In addition, Mr. Maurer cites *Trigg v. Moseley*, 433 F.2d 364 (10th Cir. 1970), and *Campbell v. Commonwealth of Virginia*, 453 F.2d 1230 (10th Cir. 1972), but those cases involve detainers stemming from untried criminal charges, not parole

---

*Barney v. Pulsipher*, 143 F.3d 1299, 1312 (1998) (discussing elements of "a viable equal protection claim"). As such, we decline to grant a COA on this basis.

4

violations. *McDonald* applies when, like here, a parole violation detainer is lodged against a petitioner while he is serving an intervening sentence. Accordingly, we conclude no reasonable jurist would find the district court's assessment debatable or wrong, and we deny Mr. Maurer's request for a COA.

Mr. Maurer has also filed a motion to proceed *in forma pauperis*. Because Mr. Maurer has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

### III

We DENY Mr. Maurer's request for a COA and DISMISS the matter. We also DENY Mr. Maurer's request to proceed *in forma pauperis* on appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5