**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 29, 2007**

**TENTH CIRCUIT**

_____

DARIEL HOUGH,

     Plaintiff-Appellant,

v.

JIM ALDERDEN, Sheriff, TAD
MENERT, County Attorney, and DAVID
AYROUD,

     Defendants-Appellees.

No. 06-1509
(D.C. No. 06-cv-1695-ZLW)
(D. Colo.)

------------------------------------------------

DARIEL HOUGH,

     Petitioner-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

     Respondent-Appellee.

No. 07-1023
(D.C. No. 06-cv-1947-ZLW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Dariel Hough, currently in custody in a Michigan correctional facility, appeals the dismissal of his most recent habeas petition, 07-1023, as well as the dismissal of a civil rights complaint for damages under 28 U.S.C. § 1983, 06-1509. These two matters are the latest in a series of suits brought by Mr. Hough in this circuit. This court has previously dismissed two prior habeas appeals brought by Mr. Hough, 02-1423 and 02-1460, for failure to exhaust state remedies and a third, 04-1438, for failure to prosecute. In addition to these three prior habeas appeals, Mr. Hough had another habeas petition dismissed by the district court for failure to exhaust state court remedies, 05-cv-10446-LTB-BNB, which he did not appeal.

Assessing Mr. Hough's latest habeas petition, the district court found it repetitive of the claims it had already dismissed in 05-cv-10446-LTB-BNB. The district court also denied Mr. Hough's petition for a certificate of appealability ("COA"). Turning to Mr. Hough's Section 1983 damages action, the court found those claims frivolous, assessed him a strike under 28 U.S.C. § 1915(e)(2)(B), and, for this reason, denied Mr. Hough leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule Appellate Procedure 24. Because he proceeds *pro se*, we review Mr. Hough's appeals with special

leniency. *Andrews v. Heaton*, ___ F.3d ___, 2007 WL 1180423, *3 (10th Cir. 2007). Even when viewed through that lens, however, we agree with the district court that dismissal was appropriate for substantially the reasons it provided.

*Appeal No. 07-1023.* Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may issue a COA only if a petitioner "make[s] a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Mr. Hough fails to satisfy these prerequisites. He seeks to challenge two detainers filed against him by Colorado criminal justice agencies;[1] liberally construed, we understand Mr. Hough's challenge as suggesting that these detainers are illegal under the Colorado statutory provisions codifying the Interstate Agreement on Detainers ("IAD"), *see* Colo. Rev. Stat. Ann. §§ 24-60-501 to 24-60-507. But, as the district court found, nothing in the IAD

---

[1] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

applies to the detainers at issue here: "'The detainers lodged against Mr. Hough appear to [be] . . . for an outstanding parole-violation charge and for an additional sentence already imposed against [him]. . . . The [IAD and its implementing legislation] by its terms, only applies to detainers based upon outstanding criminal charges, i.e., an untried indictment, information, or complaint, and, therefore, is not applicable to Mr. Hough's detainers.'" Dist. Ct. Order of Jan. 5, 2007, at 2-3 (quoting Mag. J.'s Show Cause Order of Nov. 8, 2006, at 2-3).

The district court correctly indicated that its decision on this score was controlled by our opinion in *McDonald v. New Mexico Parole Board*, where we rejected a nearly identical challenge on the ground that the IAD "only applies to detainers lodged on *untried criminal charges* and has no application to probation or parole revocation detainers." 955 F.2d 631, 633 (10th Cir. 1991) (citing *Carchman v. Nash*, 473 U.S. 716, 725-28 (1985)). The district court added that it was unaware of any other controlling authority that would support the removal of the detainers at issue, Dist. Ct. Order of Jan. 5, 2007, at 3, and, although we are supplied with a less than ideal record, we likewise can discern none.[2]

---

[2] For example, with respect to a possible due process challenge, we explained in *McDonald* that a probationer's or parolee's liberty interest is not implicated until he or she is taken into custody on a warrant for the alleged probation or parole violation. 955 F.2d at 633 (citing *Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1976)). Only then is the individual entitled to a hearing and constitutional time limits begin to apply. *Id.* An individual in Mr. Hough's

(continued...)

*Appeal No. 06-1509.*  In this appeal, Mr. Hough contends that, during a period when he was incarcerated in a Colorado state detention center, the legal supplies and resources he was provided were deficient.  But, as the district court noted, "Mr. Hough does not assert that a lack of legal resources hindered his efforts to pursue" any of his then-ongoing litigation.  Dist. Ct. Order of Nov. 3, 2006, at 3.[3]  This is dispositive.  The Supreme Court has instructed us that, in order to present a valid claim for denial of access to the courts, an inmate must establish a "relevant actual injury" by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Accordingly, we must agree with the district court's assessment that this appeal is not well taken, that it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and that the issuance of a "strike" for Mr. Hough's trial court filings was proper under Section 1915(e)(2)(B).  We further conclude that, under our case

[2](...continued)
situation does not receive these constitutional protections, however, because his "present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his [separate state law] convictions." *Moody*, 429 U.S. at 86.

[3]  Although Mr. Hough did have one of the appeals he was pursuing in Michigan state court dismissed because he was unable to file the correct number of copies of his brief, he expressly concedes that he was able to get that appeal reinstated, and he has not identified for us any resulting injury to him in that or any other matter as a result of the deficiency he alleges.

law, this appeal requires the issuance of a second strike against Mr. Hough. *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

To summarize, in Appeal No. 07-1023, we deny the application for a certificate of appealability and thus dismiss the appeal; we also agree with the district court's order denying Mr. Hough leave to proceed *in forma pauperis*. In Appeal No. 06-1509, we likewise deny leave to proceed *in forma pauperis*, dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), affirm the district court's issuance of a strike under 28 U.S.C. § 1915(e)(2)(B), and add a second strike with respect to Mr. Hough's appeal. *So ordered*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge