**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID BRIAN MAGNAN,

    Defendant - Appellant.

No. 16-7046

(D.C. No. 6:14-CR-00016-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY,** and **BALDOCK**, Circuit Judges.[**]

---

In January 2000, Defendant David Magnan, a Native American, pleaded guilty in federal district court to arson in violation of 18 U.S.C. §§ 1153 & 81, and simple assault in violation of 18 U.S.C. §§ 1153 & 113. The district court sentenced Defendant to twenty-five months in prison and five years of supervised release. On March 2, 2004, while on supervised release, Defendant was arrested in Oklahoma and charged with murdering three individuals and attempting to murder a fourth. On

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining defense counsel's *Anders* brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

May 13, 2004, in response to the state charges, the Government filed a petition to revoke Defendant's supervised released. Defendant was subsequently convicted (pursuant to a plea of guilty), and sentenced to death in Oklahoma state court because prosecutors mistakenly believed the residence where the murders occurred was located outside Indian Country. The federal petition to revoke his supervised release was never adjudicated, presumably because Defendant had been continuously in state custody and sentenced to death. On federal habeas review, we vacated Defendant's state convictions and sentence for want of state court subject matter jurisdiction. *Magnan v. Trammell*, 719 F.3d 1159 (10th Cir. 2013).

Shortly thereafter, in July 2013, the Government charged Defendant with three counts of murder in Indian Country in violation of 18 U.S.C. § 1153. Around that time, state officials transferred custody of Defendant to federal authorities. On April 22, 2014, the Government filed an amended petition to revoke Defendant's supervised release. Following a trial in October 2015, a jury found Defendant guilty on all three murder counts. In May 2016, immediately after sentencing Defendant to three consecutive life sentences, *see United States v. Magnan*, No. 16-7043, slip op. (10th Cir. July 20, 2017) (affirming federal murder convictions), the district court held a revocation hearing. Taking notice of the facts presented at his murder trial, *see id.* at 2–10, the court found by a preponderance of the evidence that Defendant had violated the terms of his supervised release. The court sentenced Defendant to thirty-six months in prison, to be served *consecutive* to his three life

2

sentences. Defendant appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Now before us is the assistant federal public defender's *Anders* brief accompanied by his motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel represents that he finds nothing in the court records or applicable law that arguably might justify reversal of Defendant's supervised release revocation. Neither do we. Only one point counsel makes is even worthy of discussion. Counsel points out that at his revocation hearing, Defendant objected on the basis that the delay in the hearing violated his right to due process. According to counsel, Defendant's "objection stems from the twelve year delay in the original filing of the petition to vacate his supervised release and the hearing taking place." *Anders* Brief at 6. To be sure, "the conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause." *Moody v. Daggett*, 429 U.S. 78, 85 (1976). But importantly, Defendant's continuous confinement and consequent loss of liberty since March 2, 2004, the date of the murders, in no sense derive from the violations of his supervised release. Moreover, given the three life sentences ultimately imposed upon Defendant for those murders, the prospect that Defendant will ever be incarcerated as a result of those release violations is highly improbable to say the least. *See id.* at 86–87. Because the hearing delay had no present or inevitable effect on Defendant's liberty interest, that delay has not *deprived* him of anything. *See id.* at 87; *Hough v. Alderden*, 236 F. App'x 350, 352 n.2 (10th Cir.

3

2007) (recognizing that where a defendant is in custody for a crime independent of any supervised release violation, he is not, for the time being, entitled to due process protection because his present confinement derives solely from his separate conviction quite apart from any supervised release violation).

Accordingly, Defendant's appeal from the judgment revoking his supervised release is DISMISSED. Defense counsel's motion to withdraw is GRANTED as to appeal no. 16-7046, *i.e.*, so far as it pertains to representation of Defendant on his supervised release violations.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge